**SO ORDERED.**

**SIGNED this 16 day of July, 2010.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TEAM FINANCIAL, INC.,** | ) | **Case No. 09-10925** |
| | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| IN RE: | ) | |
| | ) | |
| **TEAM FINANCIAL ACQUISITION** | ) | **Case No. 09-10926** |
| **SUBSIDIARY, INC.,** | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| IN RE: | ) | |
| | ) | |
| **POST BANCORP, INC.,** | ) | **Case No. 09-10927** |
| | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**ORDER MODIFYING FINAL ORDER AUTHORIZING EMPLOYMENT OF SPECIAL COUNSEL AND APPROVING SPECIAL COUNSEL'S APPLICATION FOR ATTORNEY FEES NUNC PRO TUNC**

Before the Court is the application of the debtors for payment of fees of Graybill & Hazelwood, L.L.C. (G&H) as special counsel to the debtors in possession filed March 24, 2010. Dkt. 239. The Court previously entered an interim order on March 25, 2010 and final order on April 16, 2010, approving G&H's employment as special counsel. No objections to the fee application of G&H were received and debtors submitted to the Court a proposed order approving G&H's fees. The Court determined that the final order approving G&H's employment was improvidently entered after the Court's review of the docket revealed that G&H had commenced and completed its work prior to obtaining court approval of its employment. The Court therefore directed that debtors appear and show cause why G&H's fee application should be approved *nunc pro tunc*. Dkt. 246. On July 14, 2010, the Court conducted an evidentiary hearing on the matter and now makes the following findings of fact, conclusions of law, and orders.

<u>Facts</u>

Each of these chapter 11 cases was filed on April 5, 2009. These cases concern related entities that either held or managed insured banking institutions in Kansas and Colorado. Both the banks operated by the debtors were taken over by the Federal Deposit Insurance Corporation and closed. Incident to the administration of these estates, debtors' counsel Edward J. Nazar determined that prompt examination of the debtors' pre-pending directors and officers liability policies by experienced insurance counsel was necessary to protect the estates from possible exposure arising out of anticipated FDIC investigations of the banks' former management. Mr. Nazar recommended to the debtor management that G&H be retained as special counsel for that purpose.

-2-

G&H proposed a letter of engagement to Mr. Nazar on August 14, 2009.[1] He forwarded the engagement letter to the remaining members of the debtors' board of directors on August 24, 2009, but never received a signed engagement letter back. Mr. Nazar testified that it his firm's practice not to process an application to employ an allied professional until a signed letter of engagement is received. Accordingly, no application to employ G&H was filed. Nevertheless, because certain insurance claim deadlines were looming, G&H requested complete copies of the insurance policies and commenced its review as it received them from the debtors' former general counsel Sandra Hartley and their insurance agency, KBA Insurance, Inc.[2] From November 5 through November 11, 2009, G&H issued a series of opinion letters concerning the extent of D&O coverage available to the debtors under their various policies and coverages.[3] Each of these letters was addressed to Mr. Nazar. On December 21, 2009, G&H billed debtor Team Financial, Inc. in care of Mr. Nazar's firm for its work in connection with the engagement.[4] The bill amounted to $6,187.50 and is supported by a detailed account of the work performed by G&H.

Mr. Nazar testified that he first became aware of the fact that G&H's employment had not been approved by the Court after he received either this billing statement or an inquiry from G&H in January or February, 2010 about its payment. On March 24, 2010, Nazar filed an application to employ G&H (Dkt. 237), and submitted an interim order approving the employment. He attached

---

[1] Ex. 1.

[2] As the trial exhibits and G&H's itemized statement reflect, there was some delay in obtaining complete copies of the insurance policies and G&H did not have the policies in its possession until mid-to-late October.

[3] Ex. 7-10.

[4] Ex. 13.

Case 09-10925   Doc# 291   Filed 07/16/10   Page 3 of 7

to this application the affidavit of N. Russell Hazlewood indicating G&H's disinterestedness in the case or the debtor. The affidavit is dated March 18, 2010. The application to employ did not state that G&H had already provided the legal services and completed its work, nor did it request G&H's employment *nunc pro tunc*. No objections to the employment application were received. The Court entered the interim order on March 25, 2010 (Dkt. 241), and after expiration of the objection deadline, entered the final order on April 16, 2010 (Dkt. 245).

On March 24, 2010, the same day the application to employ was filed, Mr. Nazar filed the instant application for approval of G&H's fees, together with G&H's itemized statement of services. Dkt. 239. Again, no objections to G&H's fee application were received and Mr. Nazar did not indicate that approval of the fees *nunc pro tunc* was being sought. Upon expiration of the objection deadline, Mr. Nazar submitted a proposed order for the Court's approval of G&H's fees. As is this Court's regular practice, it independently reviewed the fee application and supporting itemization of the time and fees billed. When the Court discovered that G&H's work pre-dated the application and affidavit, it ordered the debtors to appear and show cause why this fee application should be allowed after the fact.

At the show cause hearing on July 14, 2010, Mr. Nazar testified and the Court admitted a series of documentary exhibits. Messrs. Graybill and Hazlewood appeared and addressed the Court but did not testify. After hearing the evidence and indicating an inclination to allow the fee application *nunc pro tunc*, the Court retired to prepare this written order.

<u>Analysis</u>

The employment and compensation of counsel after they have completed their work are

-4-

highly disfavored in the bankruptcy law.  As this Court has previously noted,[5] 11 U.S.C. § 327(a) permits the court to approve the employment of professionals that do not hold an interest adverse to the estate and are disinterested, to assist the trustee or debtor in possession in carrying out their duties.  Section 327(e) permits the court to allow the debtor in possession to employ an attorney that has represented the debtor to participate in the case for a specified special purpose so long as the attorney does not hold an interest adverse to the debtor or the estate on the particular issue.  Section 330(a)(1) provides that the court may only award compensation to an attorney or professional employed under § 327.  Fed. R. Bankr. P. 2014 implements these statutes by conditioning an order of employment upon an appropriate application being made to the court.  In this District, local rule D. Kan. L.B.R. 2014.1(a) and (b) sets out the content and manner in which such an application is to be made.[6]  These rules serve the salutary purposes of allowing the various constituencies in a case to know and be heard whether the estate's professionals are indeed disinterested and preserving the court's inherent authority to regulate the professionals practicing before it.

Numerous courts have spoken to the issue whether a bankruptcy court:  (a) has the authority to allow the employment of professionals "*nunc pro tunc*;" and (b) should do so.  The Tenth Circuit Court of Appeals has directly answered the latter question but not the former.  In *In re Land*, the Tenth Circuit did not reach the question whether a bankruptcy court had inherent authority to allow employment *nunc pro tunc*, but cited favorably the Third Circuit's opinion in *In re Arkansas Co., Inc.*, in which that court held that bankruptcy courts have the equitable power to relieve counsel

---

[5]  *See generally In re Boot Hill Biofuels, LLC,* 2009 WL 982192, Case No. 08-13128 (Bankr. D. Kan. Mar. 27, 2009).

[6]  D. Kan. L.B.R. 2014.1(g) makes the application process applicable to professionals and special counsel sought to be employed by the trustee or debtor in possession.

from the strictures of Rule 2014 and § 330(a) where counsel's employment would have otherwise been approved and their timely compliance with the statues and rules was prevented by hardships not of the *professional's* making.[7] The Tenth Circuit also mentioned with approval the Fifth Circuit's decision in *In re Triangle Chemicals, Inc.,*[8] allowing bankruptcy courts the discretion to approve employment applications *nunc pro tunc* in appropriate circumstances.[9] These are old cases but they remain good law and continue to be cited and followed by bankruptcy courts in this Circuit.

There is no reason to doubt that G&H's employment application, had it been timely filed, would have been approved. No objections were raised to G&H's employment. In fact, the Court approved G&H's employment before becoming aware of its *nunc pro tunc* aspects. Nor is there any reason to believe that G&H is responsible for the delay in its application being filed. It appears to the Court that G&H maintained regular communication with Mr. Nazar concerning its limited engagement. In reaching this conclusion, the Court relies on Mr. Nazar's testimony that his firm, as counsel to the debtor-in-possession, was responsible for getting G&H's employment approved. Neither attorney member of G&H is an experienced bankruptcy lawyer and neither was familiar with the employment procedures inherent in bankruptcy cases. The intervening hardship that prevented G&H's timely application was beyond G&H's control and this Court cannot, in good conscience, deny G&H compensation in these circumstances.

As this Court has repeatedly stated, counsel who seek to be compensated by a bankruptcy estate MUST follow the employment process laid out in § 327(a) and Fed. R. Bankr. P. 2014.

---

[7] *Land v. First Nat'l Bank (In re Land)*, 943 F.2d 1265, 1267-1268 (10th Cir. 1991), citing *In re Arkansas Co.,* 798 F.2d 645, 649-50 (3rd Cir. 1986).

[8] 697 F.2d 1280, 1285-88 (5th Cir. 1983).

[9] *Land,* 943 F. 2d at 1267 n. 2.

Failure to do so may result in after-the-fact denial of employment applications, disqualification, and denial of compensation. The Court inclines toward some leniency in cases like this one, where allied professionals who are not familiar with the bankruptcy process but who render valuable services to the estate look to the experienced bankruptcy counsel who have solicited their services to procure approval of their employment. These cases are to be distinguished from those where experienced bankruptcy counsel fail to timely secure their own employment purely as a result of neglect or inattention and without presenting evidence of any hardship unattributable to themselves.[10] Counsel are admonished yet again that *nunc pro tunc* employment relief will be rare and only granted in extraordinary circumstances. Such circumstances are shown here.

Conclusion

The final order granting debtors' application to employ G&H (Dkt. 245) is hereby modified. Debtors' application to employ G&H as special insurance counsel is GRANTED retroactive to August 25, 2009. The debtors' application for compensation of G&H (Dkt. 239) is APPROVED as filed and G&H may be paid its fees in the amount of $6,187.50. The Order to Show Cause previously issued is released.

# # #

---

[10] *See In re Bartmann,* 320 B.R. 725 (Bankr. N.D. Okla. 2004); *In re Boot Hill Biofuels, LLC*, 2009 WL 982192, Case No. 08-13128 (Bankr. D. Kan. Mar. 27, 2009).

-7-